## APPEAL OF MIANUS MOTOR WORKS, INC.

Docket No. 6052.    Decided November 10, 1926.

Where the books of account of the taxpayer are kept upon the accrual basis, a payment received in 1920 of an amount which accrued in 1918 for work done in that year is properly returned as a part of 1918 gross income.

*Joseph B. Miller, Esq.*, for the petitioner.
*John D. Foley, Esq.*, for the Commissioner.

This is an appeal from the determination of deficiencies in income and profits taxes for the fiscal years ended November 30, 1919, and November 30, 1920, in the respective amounts of $467.36 and $3,068.95. At the hearing counsel for the taxpayer withdrew the errors alleged with respect to the fiscal year 1919, leaving in issue here only the deficiency for the year ended November 30, 1920.

### FINDINGS OF FACT.

The taxpayer is a Connecticut corporation with its principal office at Stamford, and is engaged in the manufacture and sale of engines.

Its books were kept on an accrual basis.

In November, 1920, the taxpayer received a settlement of $30,-689.33 for work done on war contracts prior to November 11, 1918, and, pursuant to internal revenue regulations then in effect, it filed an amended return for 1918, including the amount as income for

the fiscal year ended November 30, 1918, as it had accrued within that year. The Commissioner then in office assessed an additional tax of $1,715.77 on this income, which was thereafter paid by the taxpayer.

The present Commissioner proposes the assessment of tax for the fiscal year 1920 upon the amount of $30,689.33, received by the taxpayer in that year and the refund of so much of the tax paid for 1918 as has not been barred by statute.

OPINION.

PHILLIPS: At the hearing the appeal was submitted upon the admitted allegations of the petition, which are set out in the findings of fact. It is alleged and admitted that the payment received in 1920 accrued in 1918. Although such an admission necessarily involves both conclusions of law and fact, we must regard the pleadings as admitting such primary facts as would establish an accrual in 1918, since we do not have before us any of the facts upon which the ultimate conclusion is based.

Apparently, therefore, we are called upon to determine whether, when the taxpayer keeps his books on the accrual basis and receives in 1920 settlement of an amount which accrued in 1918, such amount should be included in 1920 income. The law is well settled that, when books are kept on an accrual basis, gross income is to be reported in the year in which it accrues. Sections 212 and 213, Revenue Act of 1918. *Appeal of B. B. Todd, Inc.*, 1 B. T. A. 762. Upon the record we conclude that the payment in question was properly reported as a part of 1918 gross income.

*Decision redetermining deficiency will be entered on 10 days' notice, under Rule 50.*